IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In Re: <br> MERSCORP INC., ET AL., REAL <br> ESTATE SETTLEMENT PROCEDURES <br> ACT (RESPA) LITIGATION | § § § § § § § § § | MDL Docket No. 1810 |
| EDGAR L. ACOSTA and MARILYLN ACOSTA, <br><br> Plaintiffs, <br><br> v. <br><br> MERSCORP INC. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., <br><br> Defendants. | § § § § § § § § § § § § § | C.A. No. C-07-79 |

**ORDER**

On this day the Court held a telephone conference regarding Plaintiffs Edgar and Marilyn Acosta's (hereinafter, the "Acosta Plaintiffs") motion for leave to file their Second Amended Complaint in MDL-1810 member case No. 07-79, Acosta v. Merscorp, Inc. (MDL D.E. 173). For the reasons set forth below, the Acosta Plaintiffs' motion for leave is hereby DENIED.

In their proposed Second Amended Complaint, the Acosta Plaintiffs sought to add a "Count III" for "Unjust Enrichment," and they also sought to include extensive detail regarding various MERS members and shareholders in the body of their proposed pleading. (MDL D.E. 173-2, Acosta Plaintiffs' Proposed Second Amended Class

Action Complaint, pp. 5-17, 29-31).  At the July 23, 2007 telephone conference regarding this matter, the Acosta Plaintiffs' counsel indicated that they would withdraw the above-referenced portions of their proposed Second Amended Complaint regarding Unjust Enrichment and the lengthy description of various MERS members and shareholders.[1]  Once those portions of the proposed Second Amended Complaint have been removed, the remainder of the Acosta Plaintiffs' proposed complaint is already covered by the "Nationwide Class Action Complaint" filed in MDL-1810 member case No. 07-29, Knighton v. Merscorp, Inc. (MDL D.E. 148).  The Plaintiffs in the Acosta case, Edgar and Marilyn Acosta, *are already members of the purported nationwide class in Knighton*.  Accordingly, since the Acosta Plaintiffs are already covered in the proposed Knighton class action, there is no reason for the Acosta Plaintiffs to proceed separately with a second purported nationwide class action complaint.

---

[1] At the telephone conference before the Court, Plaintiffs' counsel indicated that the intent of the proposed Count III for Unjust Enrichment was only to seek remedies that were available under RESPA.  Since Plaintiffs already specifically seek relief under RESPA in Counts I and II, it is unnecessary for them to seek relief under RESPA in a Count III inexplicably labeled as "Unjust Enrichment."  With regard to the extensive detail provided regarding the MERS members and shareholders, the deadline for joinder of parties in MDL-1810 passed on June 26, 2007.  Accordingly, Plaintiffs may not name the MERS members and shareholders as Defendants in this action, and there is no reason for Plaintiffs to provide such extensive detail regarding the MERS members and shareholders in their proposed complaint.

Based on the above, the <u>Acosta</u> Plaintiffs' motion for leave to file their Second Amended Class Action Complaint (MDL D.E. 173) is hereby DENIED.

SIGNED and ENTERED on this the 23rd day of July, 2007.

_____
Janis Graham Jack
United States District Judge