**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| MERSCORP INC., ET AL., REAL | § | MDL Docket No. 1810 |
| ESTATE SETTLEMENT PROCEDURES | § | |
| ACT (RESPA) LITIGATION | § | ALL CASES |

<u>**ORDER NO. 11**</u>

On November 20, 2007, the Court conducted a telephone conference in the above-styled multi-district litigation. The following attorneys appeared at the conference: Melissa Berry, George J. Emershaw, William R. Edwards, Sr., Michael D. Peek and Brent M. Langdon, all on behalf of Plaintiffs, and Robert Mark Brochin on behalf of Defendant. Notably, attorney Robert J. Bonsignore, despite being informed of the conference and instructed to attend, failed to appear.[1] The Court hereby ORDERS as follows:

1. The Court sua sponte ORDERS Mr. Bonsignore to show his authority to act as counsel on behalf of Plaintiffs in this litigation.

   The Court's decision to require Mr. Bonsignore to make a showing of his authority is based upon the fact that Mr.

---

[1] Specifically, the Court's Case Manager personally informed Mr. Bonsignore of the time and date of the conference and required Mr. Bonsignore to supply a telephone landline where Mr. Bonsignore could be reached at the time of the phone conference. Mr. Bonsignore supplied the following two phone numbers: (781) 350-0000 and (781) 391-9400. At the time of the phone conference, Mr. Bonsignore could not be reached at either of those numbers.

Bonsignore did not file any of the cases currently pending in this litigation.[2]   According to the service list on documents filed with the Court (see, e.g., case 2:07md1810, D.E. 72, at 5; case 2:07cv79, D.E. 19, at 5), Mr. Bonsignore is the attorney of record for only a single Plaintiff, Justin Papian, who was dismissed on June 22, 2007. (See case 2:07md1810, D.E. 155.)

Additionally, based upon information provided by other counsel at the telephone conference at which Mr. Bonsignore chose not to appear, Mr. Bonsignore's failure to respond to written discovery, his dilatory requests for discovery, and his general lack of availability to either co-counsel or opposing counsel has in part resulted in the discovery dispute which necessitated the November 20, 2007 telephone conference, and which also required the discovery deadline and other related deadlines to be delayed, as ordered below.

Unfortunately, Mr. Bonsignore's failure to appear at the conference only continues his pattern throughout this litigation of dilatory and obstructionistic behavior.   Most notably, on May 18, 2007, after his repeated failures to

_____

[2]   Inexplicably, in at least two of the cases dismissed on June 22, 2007, Mr. Bonsignore appears on the docket as a Plaintiff, representing himself pro se. (See case 2:07cv22 & 2:07cv26.)

communicate and cooperate with his co-counsel, opposing counsel, as well as the Court, the Court was compelled to remove Mr. Bonsignore as liaison counsel for Plaintiffs. (Case 2:07md1810, D.E. 141, Order No. 8.)   The behavior of Mr. Bonsignore has had the regrettable effect of increasing the costs of this litigation for all parties, reducing the likelihood of settlement, and delaying any potential recovery by any Plaintiff.

In short, it is inconceivable to the Court that any attorney acting in the best interests of his client(s) would behave in the manner consistently displayed by Mr. Bonsignore.[3]   And given the fact that the record is unclear as to whether Mr. Bonsignore represents any active named Plaintiff in this litigation, this Court requires Mr. Bonsignore to make a showing of his authority.

Mr. Bonsignore must file a written showing of his authority no later than December 7, 2007.   In making this written showing, Mr. Bonsignore must file the following:

---

[3]   Although these determinations are not yet before the Court, based upon Mr. Bonsignore's record in this litigation, this Court cannot fathom exercising its discretion to award any attorney fees to Mr. Bonsignore or to approve Mr. Bonsignore as class counsel.

3

a.  Mr. Bonsignore must certify to the Court the name of each and every named Plaintiff which Mr. Bonsignore represents in any active case in this litigation;[4]

b.  Mr. Bonsignore must certify to the Court that he has delivered a copy of this Order, as well as a transcript or compact disc copy of the November 20, 2007 telephone conference, to (1) any and all attorneys who are listed on this Court's docket as an attorney of record in the case(s) involving the Plaintiff(s) listed pursuant to the previous paragraph, and (2) any attorney of record in any active case in which Mr. Bonsignore has listed himself as an "alternative designee" in any filing with this Court (see, e.g., case 2:07md1810, D.E. 7, "Schedule A").  This certification shall include the name of each attorney contacted, the relevant case name and number, and the date and manner in which the delivery was performed.

In order to comply with this Order, Mr. Bonsignore shall contact the Clerk of the Court to arrange for a transcript or compact disc of the

---

[4]  The failure to include any named Plaintiff in an active case on this list will be taken as a representation that Mr. Bonsignore does not represent that Plaintiff.

4

November 20, 2007 telephone conference. Mr. Bonsignore is ordered to pay any usual and customary fee charged by the Clerk for this service.

The issue of Mr. Bonsignore's authority will be heard at the December 12, 2007 status conference. Mr. Bonsignore is ordered to appear at this conference.

Should Mr. Bonsignore fail to comply fully with this Order, he will be subject to sanctions.[5] Mr. Bonsignore shall be excused from his obligations pursuant to this Order only if he withdraws as counsel from all active cases in this litigation no later than December 7, 2007.

2. Defendant contends that Plaintiffs in the following cases have failed to timely respond to Defendant's Requests for Production and Interrogatories: (1) Robinson v. MERSCORP Inc., et al. (case 2:07cv25), (2) Vlock v. MERSCORP Inc., et al. (case 2:07cv85), (3) Gamble v. MERSCORP Inc., et al. (case 2:07cv88), (4) Harmon v. MERSCORP Inc., et al. (case

---

[5] Federal courts have inherent power to regulate practice in cases pending before them. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). This power originates from "'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Natural Gas Pipeline v. Energy Gathering, Inc., 2 F.3d 1397, 1406 (5th Cir. 1993) (quoting Link v. Wabash R. Co., 370 U.S. 626, 630 (1962)). In exercising this power, a court can sanction a party or an attorney appearing before it for abuse of judicial processes or for willful disobedience of a court order. See Chambers, 501 U.S. at 43-45.

2:07cv89), and (5) Wilkins v. MERSCORP Inc., et al. (case 2:07cv150). Specifically, Defendant served Plaintiffs in July, and the responses were due in early September.

    a. Any Plaintiff who has failed to timely respond to Defendant's written discovery requests has waived all objections to such requests, other than objections based on the attorney-client privilege and work product doctrine.[6]

    b. The Court will address Defendant's motion to compel responses to these requests during the December 12, 2007 status conference.

3. Defendants shall make available for deposition all six of Defendant's representatives and/or salespeople noticed for deposition by Plaintiffs.

4. The discovery and case management schedule established in Order No. 2 (case 2:07md1810, D.E. 14), is amended as follows:

---

    [6] See Dollar v. Long Mfg., N.C., Inc., 561 F.2d 613, 617 (5th Cir. 1977) ("By failing to object, defendant waived any objections it might have had to the giving of a full answer to the interrogatory."); U.S. v. $ 65,995 in U.S. Currency, C.A. No. 87-4158, 1988 U.S. Dist. LEXIS 5401, at *4-5 (E.D. La., June 3, 1988) ("[I]n the absence of an extension of time, failure to object [to interrogatories and request for production] within the time fixed by the rule is a waiver of any objection."); see also Fed. R. Civ. P. 33(b)(4).

    a.   Discovery on class certification issues shall end on **January 11, 2008.**

    b.   The deadline for Plaintiffs to file a Motion for Class Certification is **January 21, 2008.**

    c.   The deadline for submission of applications to serve as Class Counsel is **January 21, 2008.** Applications must include all relevant experience and qualifications.

    d.   The deadline for Defendants to file a Response to Plaintiffs' Motion for Class Certification is **February 15, 2008.**

    e.   The deadline for Plaintiffs to file a Reply in Support of their Motion for Class Certification is **March 3, 2008.**

    f.   The hearing on the Motion for Class Certification will be rescheduled at a later date.

    g.   All other deadlines previously established by this Court remain in effect.

5.   The Court emphasizes to all counsel in this litigation that it expects all counsel to behave in a professional manner. At a minimum, this includes communicating promptly and courteously with co-counsel and opposing counsel, and cooperating with counsel to the fullest extent possible

7

consistent with their obligations to their respective clients.

6.   As previously ordered, the next hearing in this case is set for Wednesday, December 12, 2007, at 8:00 AM.  The parties shall submit proposed agendas to the Court no later than December 5, 2007, at 3:00 PM.

SIGNED and ORDERED this 20th day of November, 2007.


Janis Graham Jack
United States District Judge