IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| MERSCORP INC., ET AL., REAL | § | MDL Docket No. 1810 |
| ESTATE SETTLEMENT PROCEDURES | § | |
| ACT (RESPA) LITIGATION | § | ALL CASES |

## ORDER NO. 13

On this day the Court held a telephone conference regarding a discovery dispute in the above-styled MDL litigation. Present at the conference were Plaintiffs' liaison counsel Melissa Berry, Bobby Brochin for the Defendants, and Royce Deryl Edwards, Jr., on behalf of Plaintiff Victoria Robinson. At the telephone conference the Court ORDERED as follows:

1. Ms. Berry has until Monday, January 14, 2008 at 5:00 p.m. to file a motion to compel any class certification related documents that Plaintiffs believe should have been provided by Defendant Mortgage Electronic Registration System, Inc. ("MERS") in the above-styled MDL litigation.[1] Any such documents that Plaintiffs believe have not been provided should be described with particularity in the motion to compel.

2. By Thursday, January 24, 2008, at 5:00 p.m., MERS must file a response to Plaintiffs' motion to compel. MERS' response must be made under oath, and MERS must indicate in its response whether it has searched for, located, and/or produced the requested documents. If after a diligent search MERS has determined that the requested documents do not exist, this must be included in MERS' response.

---

[1] The Court notes that Order No. 1, Paragraph 16 states that "discovery documents shall not be filed with the Court." (MDL D.E. 5, Order No. 1, ¶ 16). In this limited circumstance, the Court will allow the parties to file the discovery documents detailed in this Order with the Court. However, the parties are instructed that all other discovery documents remain subject to Paragraph 16 of Order No. 1 and should not be filed with the Court.

3. If Mr. Edwards, counsel for Plaintiff Victoria Robinson, determines that he seeks additional class certification related documents from MERS in addition to the documents described in Plaintiffs' motion to compel, Mr. Edwards must file a request for production of those documents by Thursday, January 31, 2008, at 5:00 p.m.  Mr. Edwards must describe any additional requested documents with particularity.  If Mr. Edwards files such a request for production of documents, the Court will conduct a further discovery telephone conference to address the appropriate response by MERS.

4. Discovery on class certification issues closes on Friday, January 11, 2008. (MDL-1810 D.E. 187, Order No. 11, ¶ 4(a)).  The Court hereby extends class certification discovery for the limited purpose of allowing the parties to file the above-referenced three documents with the Court.  Class certification discovery is not extended for any other purpose.

5. To prevent similar discovery disputes in the future, from this point forward Plaintiffs are hereby ORDERED to form a "Discovery Committee" that will coordinate all of Plaintiffs' discovery requests in this MDL litigation.  This Discovery Committee must be formed by January 25, 2008, and Plaintiffs must designate one person to serve as the chairperson of the Discovery Committee.  The Discovery Committee must ensure that counsel for all named Plaintiffs in MDL-1810 are informed of and have a chance to comment on all discovery requests sent out to Defendants and/or any other entities in this case.  The Discovery Committee must ensure that counsel for all named Plaintiffs receive a copy of any proposed discovery and that all such counsel have an opportunity to comment upon and add to the discovery requests before they are sent out.  All discovery requests submitted by Plaintiffs to Defendants or any other entity must include a

certificate that all named Plaintiffs' counsel of record were consulted regarding the discovery requests, that they participated in the decision to send out the discovery, and that they did not have anything additional to add to the discovery requests.[2]

6. By Thursday, January 31, 2008, the chairperson of the Discovery Committee must submit to the Court a list of the names of all persons serving on the Discovery Committee, along with the name of the Committee's chairperson.

SIGNED and ORDERED this 8th day of January, 2008.

*Janis Graham Jack*
Janis Graham Jack
United States District Judge

---

[2] The Manual for Complex Litigation, Fourth Edition, contemplates "[j]oint discovery requests and responses" as a practice "to [s]ave [t]ime and [e]xpense". MANUAL FOR COMPLEX LITIGATION (FOURTH) § 11.423 (2004). In particular, the Manual indicates that "[i]n multiparty cases with no designated lead counsel, judges sometimes require parties with similar positions to submit a combined set of interrogatories, requests for production, or requests for admission." Id. The Manual for Complex Litigation also contemplates "requiring similarly situated parties to confer and develop a single or master set of interrogatories to be served on an opposing party." Id. at § 11.464.