**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| MERSCORP INC., ET AL., REAL | § | MDL Docket No. 1810 |
| ESTATE SETTLEMENT PROCEDURES | § | |
| ACT (RESPA) LITIGATION | § | |

---

| | | |
|---|---|---|
| VICTORIA ROBINSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | C.A. No. C-07-25 |
| MERSCORP INC. AND MORTGAGE | § | |
| ELECTRONIC REGISTRATION | § | |
| SYSTEMS, INC., | § | |
| | § | |
| Defendants. | § | |

**ORDER NO. 14**
**STRIKE ORDER AND ORDER APPROVING DISCOVERY COMMITTEE**

For the reasons set forth below, the Court hereby STRIKES "Plaintiff Robinson's Request for Production of Documents," filed by Ms. Robinson's counsel R. Deryl Edwards, Jr. on January 31, 2008.[1]  (MDL D.E. 244).[2]

I.      **Background**

The Court notes that this discovery issue pertains solely to the matter of *class certification*.  The parties' discovery to date has been limited to class certification, as opposed to discovery on the merits.  With the exceptions set forth below, class certification discovery ended on January 11, 2008.  (MDL D.E. 79, Amended Order No. 11, ¶ 4(a)).

---

[1]Mr. Edwards represents only one Plaintiff in this MDL-1810 litigation, Plaintiff Victoria Robinson.

[2]The issue of the Plaintiffs' Discovery Committee is addressed later in this Order.

On January 8, 2008, the Court held a telephone conference regarding Mr. Edwards' request for a supplemental Rule 30(b)(6) deposition of Defendant Mortgage Electronic Registration System, Inc. ("MERS"), on behalf of Plaintiff Robinson. Mr. Edwards maintains that he sought this additional 30(b)(6) deposition in order to obtain information regarding the existence of certain documents. As a part of his 30(b)(6) deposition notice, in December, 2007, Mr. Edwards served a lengthy request for production of documents on MERS. (D.E. 239, Exh. F, Deposition Notice). Mr. Edwards' December, 2007 requests for production are extremely broad, and they do not appear limited to the issue of class certification. (Id.).

A comprehensive Rule 30(b)(6) deposition of MERS already occurred in this case, and Mr. Edwards designated Robert Bonsignore to ask questions on behalf of Plaintiff Robinson at that deposition. Pursuant to this designation, Mr. Bonsignore did question the MERS witness at the 30(b)(6) deposition. The Rule 30(b)(6) deposition took place after extensive negotiation between Plaintiffs' and MERS' counsel regarding the scope of the deposition and attendant requests for production of documents. After this 30(b)(6) deposition had already occurred, and Mr. Edwards had his opportunity to ask questions of the deponent, Mr. Edwards chose to serve notice of a second 30(b)(6) deposition on MERS.

The Court notes that Mr. Edwards designated Mr. Bonsignore with various responsibilities regarding the representation of Plaintiff Robinson. Specifically, on two separate occasions, Mr. Edwards designated Mr. Bonsignore as "Alternative Designee" for Mr. Edwards, on behalf of Plaintiff Robinson. (MDL D.E. 7, p. 4, dated Feb. 9, 2007, and MDL D.E. 17, Exh. A, p. 3, dated Mar. 3, 2007). Mr. Edwards did not specify any limitations on his repeated designations of Mr. Bonsignore as "Alternative Designee." (Id.). Further, Mr. Bonsignore filed documents on behalf of Plaintiff Robinson, including a motion to extend the deadline for joinder

of parties (Case No. 07-25, D.E. 21), and the notification of class certification intentions regarding RICO (Case No. 07-25, D.E. 16).  Further, on December 7, 2007, Mr. Edwards filed an affidavit in support of Mr. Bonsignore, detailing the various designations Mr. Edwards made to Mr. Bonsignore regarding Plaintiff Robinson's representation.  (MDL D.E. 203).  Specifically, Mr. Edwards indicates that Mr. Bonsignore had Mr. Edwards' permission to conduct discovery and negotiate settlement on behalf of Plaintiff Robinson.  (Id., ¶¶ 3-4).  With regard to the MERS 30(b)(6) deposition, Mr. Edwards states that "[Mr.] Bonsignore had [Mr. Edwards'] permission to attend the MERS F.R.C.P. 30(b)(6) deposition."  (Id., ¶ 5).  Mr. Edwards concedes that he did learn "a few days before" the scheduled MERS 30(b)(6) deposition that "a deposition on the existence of documents would not be conducted."  (Id., ¶ 6).  Mr. Edwards indicates that he was "not pleased" with this development.  (Id.).  However, Mr. Edwards still allowed Mr. Bonsignore to attend the deposition on behalf of Plaintiff Robinson, and Mr. Edwards did not attempt to appear or work with counsel to obtain the desired information.  Of note, after all the designations of responsibility Mr. Edwards gave to Mr. Bonsignore, Mr. Bonsignore eventually withdrew from representation of Plaintiff Robinson on December 31, 2007.  (Case No. 07-25, D.E. 39).

In light of the above, the Court ORDERED as follows with respect to the discovery dispute regarding Mr. Edwards' requested additional 30(b)(6) deposition:

(1)     Plaintiff's liaison counsel Melissa Berry was to file a motion to compel any class certification related documents that Plaintiffs believe should have been provided by MERS.  In accordance with the Court's Order, Ms. Berry filed this document on behalf of all MDL-1810 Plaintiffs on January 14, 2008.  (MDL D.E. 239)

(2)     MERS was to file a response to Plaintiffs' motion to compel by January 24, 2008. MERS filed this response in accordance with the Court's deadline.  (MDL D.E. 243).

(3)     Finally, if Mr. Edwards determined that he sought additional class certification related documents from MERS, in addition to the documents described in Plaintiffs' motion to compel, Mr. Edwards was to file a specific request for production of those documents by January 31, 2008.  As discussed at the hearing, the purpose of such a request for production was for Mr. Edwards to request specific, limited documents that were not addressed in the above-described exchange between Plaintiffs and MERS.  The purpose of such a request for production was not to be an opportunity for Mr. Edwards to serve broad document requests long after class certification discovery had closed.

(See MDL D.E. 233, Order No. 13).  For the limited purpose of allowing the parties to file the above-referenced three documents, the Court extended class certification discovery beyond the January 11, 2008 deadline.  (Id., ¶ 4).  However, class certification discovery for all other purposes closed on January 11, 2008.  (Id.).

In light of Mr. Edwards' attempt to conduct unilateral discovery in this multi-district litigation, the Court ordered that Plaintiffs must form a "Discovery Committee" to coordinate all of Plaintiffs' MDL-1810 discovery requests.  (Id., ¶ 5).  The Court ordered that all discovery requests sent out by Plaintiffs must include a certificate that all named Plaintiffs' counsel of record were consulted regarding the discovery requests, that all such counsel participated in the decision to send out the discovery, and that they did not have anything additional to add to the discovery requests.  (Id.).  In accordance with the Court's Order, Plaintiffs formed the above-

referenced Discovery Committee on January 31, 2008, with attorney Brent Langdon serving as Committee Chair.  (MDL D.E. 245).  The Court hereby APPROVES the Plaintiffs' Discovery Committee established in MDL D.E. 245, chaired by Brent Langdon with members Russell Smith, J. Thomas Henretta, Ralph Huston and Melissa Berry.

On January 31, 2008, Mr. Edwards filed the Request for Production of Documents that is the subject of this Strike Order.  (MDL D.E. 244).  Mr. Edwards asks for 31 broad categories of documents relating to various topics.  Of note, in his notice of 30(b)(6) deposition that created this discovery dispute, Mr. Edwards asked for 50 broad categories of documents to be produced by MERS.  (MDL D.E. 239, Exh. F, Deposition Notice).  All Mr. Edwards has done with his latest requests for production is to cut out certain of those categories, leaving 31 of them to form the requests for production that are currently before the Court.  (MDL D.E. 244, pp. 3-8).

II.     **Reasons for Strike Order**

Under Federal Rule of Civil Procedure 26, the Court has broad discretion as to whether to allow Mr. Edwards to proceed with his requests for production.  "Discovery is not limitless.  The court has the discretion to protect a party from 'oppression' or 'undue burden or expense.'" McDougal-Wilson v. Goodyear Tire and Rubber Co., 232 F.R.D. 246, 249 (E.D.N.C. 2005) (citing Fed. R. Civ. P. 26(c)); Stewart v. Winter, 669 F.2d 328, 331 (5th Cir. 1982) ("as in all discovery matters, the district court has broad discretion in limiting the scope of discovery"); Seymore v. Penn Maritime, Inc., 2007 WL 101818, *1 (S.D. Tex. 2007) ("Rule 26(b)(2) confers considerable discretion upon a district court to limit discovery, especially where the party seeking discovery has already had 'ample opportunity' to obtain the information sought, and the burden of the proposed discovery outweighs its likely benefit.").  In this case, for the reasons set

forth below, the Court finds that Mr. Edwards is not entitled to the requested discovery he seeks from MERS.

First, Mr. Edwards had ample time to obtain this information beforehand, specifically before the comprehensive Rule 30(b)(6) MERS deposition that took place in this case. Plaintiffs' and MERS' counsel worked with one another regarding the scope of discovery in the class certification stage, yet Mr. Edwards appears to have chosen a unilateral discovery strategy on behalf of a single MDL-1810 Plaintiff.  A central purpose of a multi-district litigation is coordination of discovery, to avoid the type of situation Mr. Edwards has created with his actions.  Mr. Edwards could have worked with other Plaintiffs' counsel to include these requests for production in discovery that was served far earlier in the process, or in the alternative, he should have inquired about the requested documents at the earlier 30(b)(6) deposition.  Because Mr. Edwards chose not to take advantage of either of these opportunities, he is now precluded from pursuing his requests for production.[3]

Further, Mr. Edwards' requests for production do not comply with this Court's Order No. 13 regarding the Plaintiffs' Discovery Committee.  The Court's Order clearly states that all discovery requests submitted by Plaintiffs "must include a certificate that all named Plaintiffs' counsel of record were consulted regarding the discovery requests, that they participated in the decision to send out the discovery, and that they did not have anything additional to add to the discovery requests."  (MDL D.E. 233, Order No. 13, ¶ 5).  In his requests for production, Mr. Edwards writes that he "provided a copy of this discovery request to all of Plaintiffs' counsel

_____

[3]As noted above, Mr. Edwards designated Robert Bonsignore to ask questions on behalf of Plaintiff Robinson at the earlier MERS 30(b)(6) deposition.  Mr. Bonsignore did ask questions at the deposition, and but he did not question the deponent about the documents Mr. Edwards now seeks with his requests for production.

today so that they might offer input.  Not much time was given to all Plaintiffs' counsel however since only (7) days were allotted for me to draft and distribute the proposed discovery requests." (D.E. 244, p. 8).  Accordingly, Mr. Edwards did not comply with this Court's Order No. 13, as there is no certification that Plaintiffs' counsel participated in the decision to serve the discovery, or whether Plaintiffs' counsel had anything additional to add to the document requests.  (Id.; MDL D.E. 233, Order No. 13, ¶ 5).  Mr. Edwards' stated reason for noncompliance is that he did not have sufficient time to draft the requests and comply with the Court's Order.  However,  Mr. Edwards' requests for production consist of requests that he *already drafted* and served on MERS in December, 2007.  (D.E. 239, Exh. F, Deposition Notice).  Mr. Edwards removed some of the categories from his earlier request and thus created the instant requests for production. There is no reason why such a process would take seven full days, and why Mr. Edwards could not have complied with the Court's Order regarding the Plaintiffs' Discovery Committee.

Also of note, Mr. Edwards' requests for production are not narrowly tailored and go well beyond the realm of discovery on class certification.  Mr. Edwards appears to have lost sight of the fact that discovery at this stage has been limited to class certification issues, not broad discovery of the merits of the case.

Finally, as discussed at the January 8, 2008 hearing, the purpose of this exercise was for Plaintiffs to specify what class certification related documents they expected but did not receive, for MERS to respond, and for Mr. Edwards to have the opportunity to file a limited request for any specific, additional documents he sought from MERS.  However, Mr. Edwards instead took this as an opportunity to file a wholesale, broad request for production that appears to ignore Plaintiffs' motion to compel and MERS' corresponding response.  This was not what the Court ordered Mr. Edwards to do, and Mr. Edwards cannot file such a discovery request at this time.

III.    **Conclusion**

For the reasons set forth above, the Court hereby STRIKES "Plaintiff Robinson's Request for Production of Documents" (MDL D.E. 244).  The clerk is hereby ORDERED to STRIKE the above instrument from the record.  Class certification discovery is CLOSED, and Mr. Edwards, on behalf of Plaintiff Robinson, may not file any additional class certification related discovery.

Also as set forth above, the Court hereby APPROVES the Plaintiffs' Discovery Committee established in MDL D.E. 245, chaired by Brent Langdon with members Russell Smith, J. Thomas Henretta, Ralph Huston and Melissa Berry.

SIGNED and ORDERED this 6th day of February, 2008.

Janis Graham Jack
United States District Judge