IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| MERSCORP INC., ET AL., REAL | § | MDL Docket No. 1810 |
| ESTATE SETTLEMENT PROCEDURES | § | |
| ACT (RESPA) LITIGATION | § | ALL CASES |

## ORDER NO. 15
## ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL

On this day came on to be considered Plaintiffs' motion to compel in the above-styled multi-district litigation (MDL D.E. 239). For the reasons set forth below, Plaintiffs' motion to compel is MOOT.

I.  **Background**

   A.  **Class Certification**

The Court notes that Plaintiffs' motion to compel pertains solely to the matter of *class certification*. The parties' discovery to date has been limited to class certification, as opposed to discovery on the merits. With the exceptions set forth below, class certification discovery ended on January 11, 2008. (MDL D.E. 79, Amended Order No. 11, ¶ 4(a)).

   B.  **Discovery Dispute and Order No. 13**

On January 8, 2008, the Court held a telephone conference regarding a discovery dispute in the MDL 1810 litigation. This discovery dispute concerned attorney Royce Deryl Edwards, Jr.'s request for a supplemental Rule 30(b)(6) deposition of Defendant Mortgage Electronic Registration System, Inc. ("MERS"), on behalf of Plaintiff Victoria Robinson.[1] Mr. Edwards maintains that he sought the additional 30(b)(6) deposition in order to discern the existence of

---

[1] Mr. Edwards represents only one Plaintiff in this multi-district litigation, Plaintiff Victoria Robinson. (Case No. 07-25).

certain documents he had not received in discovery.[2]  Mr. Edwards' discovery requests are addressed in a separate Order of the Court.

At the January 8, 2008 hearing, Plaintiffs' liaison counsel Melissa Berry indicated that Plaintiffs had requested and expected to receive certain documents during class certification discovery, but that such documents had not yet been produced by MERS.  Ms. Berry indicated that she would like to request the above-referenced documents in a motion to compel.

In light of the above, the Court ORDERED as follows with respect to class certification discovery:

(1) Ms. Berry was to file a motion to compel any class certification related documents that Plaintiffs believe should have been provided by MERS.  In accordance with the Court's Order, Ms. Berry filed this document on behalf of all MDL-1810 Plaintiffs on January 14, 2008.  (MDL D.E. 239)

---

[2] As discussed at the January 8, 2008 hearing, a comprehensive Rule 30(b)(6) deposition of MERS already took place in this case, and Mr. Edwards designated Robert Bonsignore to ask questions on behalf of Plaintiff Robinson at that deposition.  Pursuant to this designation, Mr. Bonsignore did question the MERS witness at the 30(b)(6) deposition, but apparently did not obtain the information later sought by Mr. Edwards regarding the existence of documents.  Mr. Bonsignore has since withdrawn from all representation in this multi-district litigation.

  (2)  MERS was to file a response to Plaintiffs' motion to compel by January 24, 2008. MERS filed this response in accordance with the Court's deadline. (MDL D.E. 243).

  (3)  Finally, if Mr. Edwards determined that he sought additional class certification related documents from MERS, Mr. Edwards was to file a request for production of those documents by January 31, 2008. Mr. Edwards' filed requests for production (MDL D.E. 244) that are addressed in a separate Order.

(See MDL D.E. 233, Order No. 13). For the limited purpose of allowing the parties to file the above-referenced three documents, the Court extended class certification discovery beyond the January 11, 2008 deadline. (Id., ¶ 4). However, class certification discovery for all other purposes closed on January 11, 2008. (Id.).[3]

---

[3] Also in Order No. 13, the Court ordered that Plaintiffs must form a "Discovery Committee" to coordinate all of Plaintiffs' MDL-1810 discovery requests. (Id., ¶ 5). The Court ordered that all discovery requests sent out by Plaintiffs must include a certificate that all named Plaintiffs' counsel of record were consulted regarding the discovery requests, that all such counsel participated in the decision to send out the discovery, and that they did not have anything additional to add to the discovery requests. (Id.). In accordance with the Court's Order, Plaintiffs formed the above-referenced Discovery Committee on January 31, 2008, with attorney Brent Langdon serving as Committee Chair. (MDL D.E. 245).

II. **Discussion**

    A    **Plaintiffs' Motion to Compel**

As noted above, Plaintiffs filed their motion to compel on January 14, 2008. (MDL D.E. 239). In their motion to compel, Plaintiffs seek the following: (1) MERS' document retention policies; (2) email communications "relating to information provided to MERS members regarding the MERS registration fee and whether or not it could be charged to borrowers and the number and identity of MERS members that charge the MERS registration fee to borrowers" (Id., p. 2); and (3) documents regarding MERS sales directors' surveys of their customer bases. In their motion to compel, Plaintiffs ask MERS to produce these documents, or, in the alternative, to state that the documents do not exist or are no longer within MERS' possession, custody or control. Plaintiffs also ask that MERS certify the extent of the search conducted for the above-requested documents.

    B.    **MERS' Response to Plaintiffs' Motion to Compel**

As set forth above, MERS filed its response to Plaintiffs' motion to compel on January 24, 2008. (MDL D.E. 243). MERS' response characterizes Plaintiffs' motion to compel as seeking (1) MERS' document retention policies; (2) documents regarding the number and identity of MERS members that charge the MERS registration fee to borrowers; and (3) documents regarding information MERS provided to its members regarding the registration fee and whether it could be charged to borrowers. (Id., p. 1).

With regard to Plaintiffs' request for a document retention policy, MERS confirms that "MERS has searched for and it has not located a written document retention policy, and after a diligent search for a document retention policy for MERS, MERS has determined that such a

policy does not exist." (Id., p. 2; see also p. 6, "MERS again states here, under oath, that it has no written document retention policy.").

With regard to documents regarding the number and identity of MERS members that seek reimbursement of the registration fee from the borrower, MERS represents that it has searched for such documents three times, and "to the extent MERS has such documents, copies of same have been produced to the Plaintiffs." (Id., p. 2). MERS notes in its response that such documents generally would be in the possession, custody or control of the MERS members themselves, as "[i]t is the lender and borrower that know whether such fee was charged - not MERS." (Id., p. 3). Further, MERS notes that it previously represented under oath that MERS does not have specific information regarding which MERS members charge the registration fee to borrowers, and that MERS has already provided any such information that it does know to Plaintiffs. (Id., pp. 3-4).

Finally, with respect to documents regarding information MERS provided to its members regarding the charging of the registration fee, MERS states that Plaintiffs and MERS "have stipulated that such documents (and testimony) are not relevant to class certification discovery, and [Plaintiffs] have agreed not to seek any such information [during the class certification discovery phase]." (Id., p. 5). Specifically, MERS indicates that Plaintiffs sought documents and testimony regarding information MERS passes on to its members regarding the charging of the registration fee. (Id.). At a meeting of counsel on October 5, 2007, Plaintiffs' counsel and MERS agreed that Plaintiffs would withdraw their document requests on this topic, and would withdraw the topic as an area of inquiry for the upcoming MERS 30(b)(6) deposition. (Id.). As a result of this agreement, there are no outstanding document requests "relating to information sent by MERS to its Members regarding the charging of the registration fee." (Id., pp. 5-6).

MERS notes that Plaintiffs have reserved the right to seek this information during any discovery on the merits of the case. (Id., p. 5).[4]

### C. **Plaintiffs' Motion to Compel is Moot**

As set forth below, Plaintiffs' motion to compel is MOOT. MERS has certified that the documents requested by Plaintiff do not exist, have already been produced to Plaintiff, or by agreement are not the subject of document requests propounded during class certification discovery. Accordingly, although Plaintiffs express "concern" over the quantity of class certification documents they have received, MERS has certified that it has searched for and produced the relevant documents that exist and are within its possession, custody or control.

#### 1. **Document Retention Policies**

First, regarding MERS' written document retention policies, MERS has certified under oath that it conducted a diligent search for any such documents, and that such policies do not exist. (Response, pp. 2, 6). Accordingly, Plaintiffs' motion to compel these documents is MOOT.

#### 2. **Email Communications**

The second category of documents sought by Plaintiffs consists of email communications regarding (1) the number and identity of MERS members that charge the registration fee to borrowers; and (2) information MERS imparted to its members regarding the charging of the registration fee. (Motion, pp. 3-5).

As to the first category, MERS represented that it searched three times for all documents regarding the number and identity of MERS members that seek reimbursement of the registration

---

[4]MERS also notes that despite the above-referenced agreement, "many of the documents that fall under this specific area have been provided to the Plaintiffs voluntarily, and that many of them are available on MERS' website at www.mersinc.org." (Id., p. 6).

fee from the borrower, and that to the extent MERS has any such documents, they have been produced to Plaintiffs. (Response, p. 2).

As for emails regarding information MERS provided to its members regarding the charging of the registration fee, by agreement of counsel Plaintiffs withdrew their requests for such documents during class certification discovery.[5] (Response, pp. 5-6).

Accordingly, Plaintiff's motion to compel the above-described email communications is MOOT, as any such communications have been produced, or by agreement are not the subject of class certification discovery.

### 3.    Sales Directors' Customer Surveys

Finally, the third category of documents Plaintiffs move to compel consists of documents regarding MERS sales directors' surveys of their customer bases. (Motion, pp. 6-9). Specifically, Plaintiffs request such surveys regarding customers' practices of charging of the registration fees to borrowers. (Id.). As noted above, MERS certified that it searched three times for documents in MERS' possession, custody or control on the topic of the number and identity of MERS members that charged the registration fee to borrowers. (Response, p. 2). Any such documents would encompass the customer surveys requested by Plaintiffs, and MERS certified that all such relevant documents have been produced. (Id.). Accordingly, Plaintiffs' motion to compel these documents is MOOT, as all responsive documents have been produced at this time.

---

[5] Plaintiffs reserved the right to request these documents during discovery on the merits of the case.

III.     **<u>Conclusion</u>**

For the reasons set forth above, Plaintiffs' motion to compel (MDL D.E. 239) is hereby MOOT.

SIGNED and ORDERED this 11th day of February, 2008.

                                              Janis Graham Jack
                                      United States District Judge